**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RICARDO ANTHONY JEFFERIES, SR., | : | CIVIL ACTION NO. 1:25-CV-1874 |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| v. | : | |
| | : | |
| FRAN CHARDO, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

### <u>MEMORANDUM</u>

This matter comes before the court upon the Report and Recommendation ("R&R") (Doc. 13) of Chief Magistrate Judge Daryl F. Bloom, wherein Chief Judge Bloom recommends dismissing *pro se* plaintiff Ricardo Anthony Jefferies, Sr.'s claims without prejudice. Rather than respond directly to Chief Judge Bloom's R&R, Jefferies filed a proposed amended complaint. (Doc. 16).

Objections to R&R's are reviewed *de novo* when they are made timely and are specific. <u>Goney v. Clark</u>, 749 F.2d 5, 6 (3d Cir. 1984). When general objections are made, the R&R shall be sustained absent "clear error or manifest injustice." <u>Glob. Tower, LLC v. Hamilton Twp.</u>, 897 F. Supp. 2d 237, 249 (M.D. Pa. 2012) (citing <u>Cruz v. Chater</u>, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998)).

Jefferies was convicted in the Dauphin County Court of Common Pleas of one count of persons not to possess firearms. <u>Commonwealth v. Jefferies</u>, 339 A.3d 428, 2025 WL 1175561, at \*1 (Pa. Super. Ct. 2025). That conviction was affirmed by the Pennsylvania Superior Court approximately one year ago. <u>Id.</u> at \*4. It appears the

basis for this federal lawsuit is several alleged constitutional violations stemming from this state conviction.

However, the Supreme Court has held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote omitted). In other words, a prisoner cannot recover from alleged constitutional violations when those alleged violations would be inconsistent with the criminal conviction.

Here, Jefferies seeks to do just that. His proposed amended complaint is effectively a list of grievances with his trial that would undermine his conviction. (See Doc. 16 at ECF 11-16). For example, he argues the second amendment bars his conviction, there were errors in his jury instructions, and he had ineffective counsel. (Id). If true, all of these errors would call into question his state conviction. However, as his conviction is still final, these claims are not cognizable in a Section 1983 action. Heck, 512 U.S. at 487.

Therefore, Chief Judge Bloom's R&R will be adopted in part. Having the benefit of Jefferies's proposed amended complaint, (Doc. 16), it is clear allowing him further opportunities to amend would be futile. If he wishes to pursue Section 1983 damages for matters like malicious prosecution, structural trial errors, and ineffective assistance of counsel, he must first void his conviction. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

April 7th, 2026